Insmiv, J.
The defendants in this injunction suit, having seized, as the property of James Bogan, a horse, buggy and harness, his wife, Mrs. Eliza B. Bogan, sued out an injunction to stop the judicial sale thereof, alleging, in her petition, that she was the owner of the property seized, having acquired it by a manual gift from one John C. Gribble. The defendants, in their answer, say that the said property belongs to the community between James Bogan and his wife, and it charges the spouses with fraud and collusion, and prays for damages.
The injunction was dissolved; with damages, and the plaintiff, Mrs. Bogan, has appealed from the judgment in the Court below.
During the trial of the-case in-the District Court, the plaintiff offered certain evidence, which was rejected ; and to the ruling of the Court, in this particular, she tendered two bills of exception, which were allowed. The first bill was to the refusal of the Court to receive as evidence a letter, purporting to be signed by John C. Gribble, to prove by it that the horse, buggy and harness were a manual gift to Mrs. Bogan, from John C. Gribble, accompanied with delivery, and this was objected to, on the ground that the pretended gift was not a manual one, in the sense of Art. 1526 of the Civil Code, and could not be proved by the letter offered. It devolves on the party objecting to testimony, to state the particular grounds upon which its introduction is resisted (see 1 Hen. Dig. 492, g 1); and the only reason assigned for the rejection of the letter as evidence being the one just stated above, the Court below erred in rejecting it, as in the case of Maillot v. Wesley, 11 An. 467, it was held, in effect, that corporeal movables generally may pass by manual gift, accompanied by real delivery.
*97 The other bill was taken to the refusal of the Court to receive, as evidence for the plaintiff', the judgment in the suit No. G17, of the records of the District Court, entitled Eliza B. Skofield, wife, v. James Bogan, husband, and referred to, in her petition for injunction, as the basis of her claim to the horse, buggy and harness, its her separate property; and this evidencie was objected to on the ground that the defendants, having at-tacked the validity of this judgment in their answer, us fraudulent and collusive, the said judgment could not he produced in evidence, as proof that the horse, etc., wore the separate, property of the plaintiff', unless she proved the facts, upon which the said judgment was based, are true, contradictorily with the defendants. The evidence was admissible to prove, rom ijpsam, that such a judgment was rendered, and as a mere basis ol' title in the plaintiff, but which could produce no legal effect under the pleadings, unless its truth and genuineness were established by other legal evidence.
This is not an opon question. -1 La.-122. 12 La. 301. 11 La. 536. 1 An. 135. 10 Au. 87.
As neither the letter nor the judgment was annexed to the bill of exceptions, the case is not in a condition, in this Court, to bo finally disposed-of, and it must, therefore, be remanded for a uew trial.
it is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, that the case be remanded to the District Court, for a new trial according to law, at the costs of the appellee.